### GRAIN BELT SUPPLY CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 441.

Circuit Court of Appeals, Eighth Circuit.
Feb. 14, 1940.

George T. Buckingham, of Chicago, Ill. ( J. A. C. Kennedy, of Omaha, Neb., and Paul E. Shorb, H. Thomas Austern, and E. Marshall Nuckols, Jr., all of Washington, D. C., on the brief), for petitioner.

Ellis N. Slack, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

The petitioner, a corporation, of Omaha, Nebraska, which manufactures serum and virus from the blood of hogs, the carcasses of which it then sells to the Cudahy Packing Company, filed with the respondent a claim for a refund of $18,911.65, processing taxes paid between March 1, 1934, and October 31, 1935, under the Agricultural Adjustment Act of May 12, 1933, 48 Stat. 31 (see 7 U.S.C.A. § 601 et seq.), which was declared unconstitutional in January, 1936. United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

The claim for refund stated, among other things: "In the course of our business, during the period these Processing Taxes were paid, we sold the hog carcasses to the Cudahy Packing Co. At the time of sale they advanced us the funds with which to pay these taxes." The respondent disallowed the claim on the ground that it disclosed that the petitioner had not borne the burden of the tax, and that its vendee had borne it and had not been repaid. The petitioner, pursuant to § 906 of Title VII of the Revenue Act of 1936, c. 690, 49 Stat. 1748 (§ 648, Tit. 7, Supp. IV, U.S.C., 7 U.S.C.A. § 648), filed with the United States Processing Tax Board of Review a petition requesting a hearing upon the merits of its claim. The respondent moved for a dismissal of the petition, as finally amended, asserting that it affirmatively appeared therefrom that the petitioner had not borne the burden of the tax, and that its vendee (Cudahy Packing Company) had borne it and had not been repaid.

The amended petition filed with the Board in effect disclosed that the petitioner bought hogs at market prices, vaccinated, fed, and eventually slaughtered them, and, after extracting the blood, sold

the carcasses to the Cudahy Packing Company at market prices based on the live weight of the hogs; that from November 5, 1933, when processing taxes first went into effect, until March 1, 1934, the Cudahy Packing Company, on the assumption that it was the processor of the hogs, the carcasses of which were purchased by it from petitioner, paid the processing taxes; that the Bureau of Internal Revenue subsequently ruled that petitioner was the processor and was liable for the taxes; that, after March 1, 1934, petitioner paid the taxes; and that the Cudahy Packing Company, in order to enable the petitioner to remain in business and to continue to serve as a source of supply of hog carcasses for the Packing Company, advanced to it the amount of the processing taxes which petitioner was required to pay, with the understanding that the amounts advanced would be repaid to the Packing Company in case petitioner secured a refund of the taxes.

The Board dismissed the amended petition because it was of the opinion that § 902 of Title VII of the Revenue Act of 1936, c. 690, 49 Stat. 1747 (§ 644, Tit. 7, Supp. IV, U.S.C., 7 U.S.C.A. § 644), precluded the making of any refund of processing taxes to the petitioner under the facts disclosed in its amended petition.

Section 902 provides that no refund of any amount of processing taxes shall be made or allowed unless the claimant establishes—

"(a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, * * * in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof; or

"(b) That he has repaid unconditionally such amount to his vendee (1) who bore the burden thereof, * * *."

The petitioner seeks a reversal of the order of the Board dismissing its amended petition, which it contends stated facts sufficient to show that the petitioner had paid the taxes with its own money obtained through a loan transaction and not as any part of a sales transaction; that in common honesty the Government should refund to petitioner what it has illegally exacted; that it is not conceivable that Congress, in enacting § 902, intended to permit the Government to unjustly enrich itself; and that if that was the intention, § 902 to that extent is unconstitutional.

It is our opinion that ordinarily neither a board nor a trial court should attempt to finally determine the merits of a claim upon the petition or complaint, but should require a stipulation of facts or the production of evidence, and should then find the exact facts upon which the final order or judgment is based. See and compare Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302, opinion filed Jan. 5, 1940. In the case at bar there is some doubt whether the Board, the petitioner and the respondent are in entire agreement as to the facts upon which the Board based its order. We are therefore required to deal with the broad question whether the facts alleged in the amended petition, viewed in the light most favorable to petitioner, are insufficient to support its claim for a refund.

The Circuit Court of Appeals of the Tenth Circuit, in Southwestern Serum Co. v. Commissioner of Internal Revenue (Colorado Serum Co. v. Commissioner of Internal Revenue), two cases which were argued together and were decided on January 4, 1940, 108 F.2d 843, has affirmed orders of the Board dismissing petitions filed with it by two serum companies disclosing facts similar in all controlling particulars to the facts stated in the amended petition of the petitioner here. We would not be justified in refusing to follow the opinion of the Tenth Circuit, unless satisfied that it was erroneous. Bright v. State of Arkansas, 8 Cir., 249 F. 950, 952; Hennepin County, Minn. v. M. W. Savage Factories, 8 Cir., 83 F.2d 453, 456; Sherman & Son v. Corin, 1 Cir., 73 F.2d 468, 470; United States v. Blosser, 8 Cir., 104 F.2d 119, 121. We think that Court reached a correct conclusion.

It seems apparent from what is alleged in the amended petition, that the Cudahy Packing Company until March 1, 1934, directly bore the burden of the processing taxes on hogs, the carcasses of which it purchased from petitioner; and that after March 1, 1934, the Packing Company indirectly bore the burden of the processing taxes on such hogs by supplying to the petitioner the necessary funds to cover such taxes. It is clear that, under the circumstances outlined in the amended petition, the payment of the processing taxes imposed no financial burden upon petitioner.

It made no practical difference whether petitioner sold carcasses to the Packing Company on condition that it pay the taxes or whether petitioner paid the taxes, sold the carcasses, and then reimbursed itself out of advances made by the Packing Company, to be repaid only if the taxes were refunded. It is to be remembered that substance, not form, controls in the application of statutes relating to taxes. United States v. Phellis, 257 U.S. 156, 168, 42 S.Ct. 63, 66 L.Ed. 180; Sanborn v. Commissioner of Internal Revenue, 8 Cir., 88 F.2d 134, 137; Nelson v. Commissioner of Internal Revenue, 8 Cir., 101 F.2d 568, 571.

In enacting § 902, Congress unquestionably intended that the Government should not be required to refund processing taxes unless the taxpayer seeking their refund could show that he had in fact borne the burden of the tax and was the actual sufferer. United States v. Jefferson Electric Co., 291 U.S. 386, 402, 54 S.Ct. 443, 78 L.Ed. 859. The petitioner, not having in fact borne the burden of the tax and not being an actual sufferer, is not in a position to urge any denial of due process under the Fifth Amendment to the Constitution, U.S.C.A. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 348, 57 S.Ct. 816, 81 L.Ed. 1143; United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 401, 402, 54 S.Ct. 443, 78 L.Ed. 859.

The order of the Board is affirmed.