**UNITED STATES v. KELLEY.**

No. 11599.

Circuit Court of Appeals, Eighth Circuit.

April 9, 1940.

Keith L. Seegmiller, Atty. for Department of Justice, of Washington, D. C. (Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Maurice M. Milligan, U. S. Atty., and Charles L. Chalender, Atty. for Department of Justice, both of Kansas City, Mo., on the brief), for appellant.

Fred Maughmer, of Savannah, Mo. (J. Harry Latham, of Savannah, Mo., and C. L. Dawson, of Washington, D. C., on the brief), for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment entered upon the verdict of a jury awarding the plaintiff, appellee in this court, total permanent disability benefits under a contract of war-risk term insurance. Motions to dismiss for want of jurisdiction and for a directed verdict were overruled, and the Government appeals.

On appeal the Government contends (1) that the plaintiff's right of suit is barred by

the statute of limitations and (2) that the verdict is not supported by substantial evidence.

On the first issue the facts are not in dispute. It is conceded that the plaintiff's rights, if any, accrued on May 1, 1929. This action was brought on May 18, 1938. Accordingly, the plaintiff's claim was barred by the six-year limitation prescribed in Section 19 of the World War Veterans' Act, 38 U.S.C. § 445, 38 U.S.C.A. § 445, unless saved by the suspension clause of the Act during the period that the claim was under consideration by the Veterans' Administration.

The plaintiff filed his claim for compensation with the Veterans' Administration on December 30, 1929; and on May 20, 1931, he first filed claim for insurance benefits. On August 24, 1932, the latter claim was denied by the Insurance Claims Council and on August 27, 1932, a letter notifying plaintiff of the denial stated:

"You are informed that a decision was rendered on August 24, 1932, by the Insurance Claims Council to the effect that the evidence is not sufficient to establish as a fact that the former insured was totally and permanently disabled at the time when the contract of insurance was in force, and therefore the claim has been denied.

"You may consider such denial final for the purposes of instituting suit under Section 19 of the World War Veterans' Act, 1924, as amended.

"If you accept the denial of the claim by the Council as final, the suspension of the statute of limitations provided by Section 19 shall cease from and after the date of this letter plus the number of days usually required by the Post Office Department for the transmission of regular mail from Washington, D. C., to your last address of record.

"The case folder is being forwarded to the Veterans' Administration at Kansas City, Missouri. Any further inquiries concerning your claim should be directed to that office.
"By direction,        H. L. McCoy,
        "Director of Insurance."

No further action was taken by the plaintiff until October 25, 1937, when through his attorney he asserted that he had been totally and permanently disabled since May 1, 1929, and demanded payment of insurance benefits under Section 305 of the World War Veterans' Act, 38 U.S.C.A. § 516, for a period of six years "prior to the date of this claim, that is, since November 1, 1931." Under date of November 4, 1937, his attorney was advised by the Director of Insurance that an earlier claim by the plaintiff had been denied on August 24, 1932, and that under that decision no benefits were payable under Section 305. In the same letter he was advised that the plaintiff could appeal within one year to the Administrator of Veterans' Affairs. An appeal was taken on November 12, 1937, and on January 21, 1938, the Insurance Claims Council rendered a supplemental decision denying the plaintiff's claim under Section 305. On May 4, 1938, the plaintiff was notified by the Administrator that this decision had been affirmed by the Board of Veterans' Appeals. The letter of May 4, 1938, informed plaintiff that the decision of the Board of Veterans' Appeals constituted "final administrative denial of this claim."

The Government contends that the suspension of limitations invoked by the filing of the claim on May 20, 1931, ended not later than September 1, 1932, the latest date for the ordinary transmission to plaintiff of the letter of the Insurance Claims Council; that therefore the time of suit expired not later than August 12, 1936; and that when the claim was reasserted on October 25, 1937, the action thereafter could not restore the lost right of suit. The plaintiff contends that the purported denial of his claim by the Insurance Claims Council on August 24, 1932, was neither a final denial nor such a denial as would authorize him to bring suit under Section 19 of the World War Veterans' Act, supra; that the bar of limitations was in a state of suspense during the whole period elapsing between the filing of the claim and its denial by the administrator (director) on May 4, 1938; and that this suit was filed well within the statutory period.

Section 19, supra, as then enacted, provides:

"In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them re-

sides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act, whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. * * *

"The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director." Act of July 3, 1930, 38 U.S.C. § 445, 38 U.S.C.A. § 445.

The gist of the plaintiff's argument is that the denial of the Insurance Claims Council of August 24, 1932, was not a "denial of said claim by the director" nor was it such a denial as would meet the jurisdictional prerequisite of a "disagreement" so as to have enabled plaintiff to maintain thereafter a suit in the District Court. The contention is without merit. By an amendment to Section 19, 38 U.S.C.A. § 445c, enacted in 1935 but made retroactive from 1930, Congress provided that "A denial * * * by the Administrator * * * or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement for the purposes of section 445 * * *."

The effect of this amendment was to start the limitation running from the date of the letter informing plaintiff of the denial of his claim by the Insurance Claims Council of August 24, 1932. The suspension was for a period, therefore, of less than one year and four months. It follows that this suit was barred long before May 18, 1938.

The Circuit Court of Appeals of the Fourth Circuit recently had before it a case similar to the present case in all its controlling features, and construing the same statutes and regulations held that the veteran's action for insurance benefits was barred. See Simmons v. United States, 4 Cir., 110 F.2d 296, decided March 11, 1940. In the court's opinion it is said: "Nonaction by a claimant can not be permitted to suspend indefinitely the running of the statutory period of limitation or allowed to encourage attempts to enforce stale claims in the courts." We should not refuse to follow the decision of the Fourth Circuit, unless we are satisfied that it is wrong. Grain Belt Supply Co. v. Commissioner, 8 Cir., 109 F.2d 490, 492.

This construction results in no injustice to the plaintiff. At the time of the denial of his claim by the Insurance Claims Council the plaintiff was at liberty to pursue his right of appeal to the Administrator within 60 days from the date of receipt of notice of the final action of the Council. 38 U.S. C.A. § 11a et seq.; Veterans' Administration Regulations, No. 3204 (amended on September 4, 1934, to extend the time of appeal to one year). Had he pressed his administrative remedies the period of limitations would have remained in suspense throughout the period during which his claim was held under consideration by the Veterans' Administration. Danner v. United States, 8 Cir., 100 F.2d 43; Simmons v. United States, supra. In this instance the plaintiff took no further action for a period of more than five years. He cannot be permitted thus "to suspend indefinitely the running of the statutory period of limitation" by non-action. Simmons v. United States, supra.

Since the plaintiff's right of suit was barred by the statutory period of limitations it is unnecessary to discuss the second issue presented on this appeal. The judgment is reversed.