## BAKER v. UNITED STATES.
### No. 940.

District Court, D. Montana.

Aug. 24, 1942.

Busha & Greenan, of Great Falls, Mont., and Merle C. Groene, of Lewistown, Mont., for plaintiff.

John B. Tansil, U. S. Dist. Atty., and Francis J. McGan, Sp. Atty., Department of Justice, both of Butte, Mont., for defendant.

PRAY, District Judge.

This action was commenced to secure the benefits of a war risk insurance policy for ten thousand dollars issued by the defendant herein to Emmett Baker, effective February 11, 1918, and in which the insured's mother, Rose Ann Baker, was named as beneficiary.

This insurance lapsed for failure to pay the premium due January 1, 1920. The insured was in the service of defendant as a soldier from June 19, 1917, to October 22, 1919, and died September 17, 1926, over seventeen months after the death of his mother, the beneficiary in the policy, which occurred April 10, 1925. Counsel for the respective parties have agreed to submit to the court under a stipulation of facts, in advance of a trial on the merits, a jurisdictional question in respect to the alleged disagreement.

Two causes of action appear in the amended complaint, one alleging permanent and total disability as of October 22, 1919, the date of discharge, and the second alleging permanent and total disability as of June 15, 1926, citing section 305 of the World War Veterans' Act of 1924, Section 516, 38 U.S.C.A. in support of the claim that the policy was in force on that date. In both causes of action it is alleged that on or about the 7th of December, 1926, and on or about the 21st of November, 1930, demand was made of the defendant, through the Veterans' Bureau and the director thereof for the benefits of the said insurance policy, with no response until the 16th of April, 1932, when the director aforesaid denied the claim and refused to pay said insurance and disagreed with the plaintiff concerning his rights under the law. The sections of the statute immediately in point are sections 445, 514 and 516, 38 U.S.C.A. It appears from the stipulation on file herein that Edgar J. Baker, now deceased, a brother of the insured, filed a claim for the insurance benefits under the policy on December 7, 1926, and that the claim was denied under date of February 10, 1927, and counsel for defendant admits that this created a disagreement "upon which the Administrator of the estate of the insured, the present plaintiff herein, could bring suit, since Edgar J. Baker, being entitled to distribution of the estate, may be said to be an interested party." But defendant claims

that this action was not commenced in time. Section 445, 38 U.S.C.A., provides: "* * * No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, * * * Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * * *"

▮ It would appear from the provisions of the statute above quoted that the first cause of action set out in the amended complaint, the original having been filed August 24, 1932, would be barred since the action was not commenced prior to July 3, 1931. Defendant claims that the second cause of action is also barred by the statute, wherein permanent and total disability of the insured is alleged to have occurred from June 15, 1926. Applying the statutory provisions above quoted the action should have been commenced before July 3, 1931, or within six years after June 15, 1926, whichever is the later date. Counting the period of time elapsing between the filing of claim, December 7, 1926, and denial, February 10, 1927, an additional sixty-five days should be allowed, which would have enabled plaintiff to bring his suit within sixty-five days after June 15, 1932, but it was not commenced until August 24, 1932, and therefore counsel claims that the bar of the statute had become operative before the suit was filed.

Plaintiff takes the position that two demands were made for the payments as shown by the amended complaint and so stipulated, the first on December 7, 1926, and the second on November 21, 1930, and that there was no denial of the claim until April 16, 1932. But from the stipulation of facts it appears that it was agreed that the letter of December 7, 1926, constituted a demand, and the letter of February 10, 1927, a denial. There seems to be nothing to indicate that the first denial of the claim, which was made by Edgar J. Baker, was not to be treated as a final denial and that any attempt to revive the claim as was done in this case should not be allowed. United States v. Kelley, 8 Cir., 110 F.2d 922; Ball v. United States, 6 Cir., 101 F.2d 272; Neely v. United States, 4 Cir., 115 F.2d 448; Simmons v. United States, 110 F.2d 296; Dowell v. United States, 5 Cir., 86 F.2d 120.

There is no question of illiteracy present in this case. Edgar J. Baker, brother of the insured, was an attorney and judge, and his claim of December 7, 1926, to the Veterans' Administration was denied February 10, 1927, as is disclosed by the agreed statement of facts. Under the authorities above cited it does not appear that the second claim made over three years and nine months later should be considered.

For the reasons given, this court seems to be without jurisdiction to try this action, and such is the order herein.