AVALON AMUSEMENT CORPORATION v.
UNITED STATES.

No. 9462.

Circuit Court of Appeals, Seventh Circuit.
Jan. 28, 1948.

Q. H. Hale, T. H. Skemp and R. E. Nietsch, all of La Crosse, Wis., for appellant.

Theron L. Caudle, Asst. Atty. Gen., Helen R. Carloss, George A. Stinson, John P. Wenchell, II and Hilbert P. Zarky, Assts. to Atty. Gen., and Charles H. Cashin, U. S. Atty., of Madison, Wis., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This case presents two questions: whether the plaintiff-appellant's dance hall is a "roof garden, cabaret, or other similar place furnishing a public performance for profit" within the meaning of Section 1700 (e) (1) of the Internal Revenue Code,[1] and secondly, whether the checkroom service for which the plaintiff receives a charge is a service subject to the tax. Only the tax on the checkroom service is involved here. The tax was paid, and the plaintiff sued to recover. The District Court concluded that the plaintiff's dance hall and the checkroom service were within the statute and that the tax was properly assessed and gave judgment accordingly. From this judgment, the plaintiff has appealed.

---

[1] 26 U.S.C.A. Int.Rev.Code, § 1700(e) (1).

The plaintiff operates a public dance hall in La Crosse, Wisconsin, for which an admission charge is paid by the public patrons. The plaintiff also charges for the checkroom service. Music is furnished by an orchestra provided by the plaintiff, to which music the patrons dance. No other form of entertainment is provided by the plaintiff. No meals or sandwiches are served. In a room adjacent to and opening off the dance floor the plaintiff operates for the benefit of its dance patrons a bar where beer, soft drinks, and confections are sold. Near the bar, at the end of the dance hall, the plaintiff provides booths, and at another location there are tables and chairs at which the dance patrons may be seated and served refreshments from the bar. When not used as a dance hall, the hall is sometimes rented by the plaintiff to individuals or groups for boxing and wrestling matches and other forms of entertainment.

The statute involved reads as follows:

"Sec. 1700. Tax.

*　　*　　*　　*　　*　　*

"(e) Tax on cabarets, roof gardens, etc. —(1) Rate.

"A tax equivalent to 5 per centum of all amounts paid for admission, refreshment, service, or merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit, by or for any patron or guest who is entitled to be present during any portion of such performance. The term 'roof garden, cabaret, or other similar place' shall include any room in any hotel, restaurant, hall, or other public place where music and dancing privileges or any other entertainment, except instrumental or mechanical music alone, are afforded the patrons in connection with the serving or selling of food, refreshment, or merchandise. A performance shall be regarded as being furnished for profit for purposes of this section even though the charge made for admission, refreshment, service, or merchandise is not increased by reason of the furnishing of such performance. No tax shall be applicable under subsection (a) (1) on account of an amount paid with respect to which tax is imposed under this subsection."

■ It seems clear to us that the plaintiff's dance hall comes within the definition of a "roof garden, cabaret, or other similar place" as provided in the statute. The definition, to quote the statute, is as follows:

"The term 'roof garden, cabaret, or other similar place' shall include any * * * hall * * * where music and dancing privileges * * * are afforded the patrons in connection with the serving or selling of * * * refreshment * * *."

The plaintiff argues that this definition applies to a situation in which a dancing privilege is a mere incident to the charge for food or refreshments. With this we are unable to agree. We can see no justification for so torturing the plain meaning of the phrase "in connection with"—it does not connote that those things connected are also in the relationship of primary and subsidiary. An establishment charging admission for dancing privileges and where refreshments are sold in connection therewith is a "roof garden, cabaret, or other similar place." The plaintiff's dance hall meets these specifications.

■ Was the operation of the dance hall under these circumstances "a public performance for profit?" We think that it was. A hall in which music for dancing is furnished to any one of the public who is able and willing to pay the admission fee is an establishment furnishing "a public performance for profit." The fact that the public participates in the performance by dancing to the music furnished by the plaintiff does not make it any the less a performance; the performance is certainly open to the public, and the plaintiff operates the dance hall for profit. Apparently, one who pays his admission may sit around and watch the dancing without participating therein and be served refreshments. In any event, there is here a public performance for profit.

■ ■ If this dance hall, which charges an admission and in connection with which refreshments are served, is a "roof garden, cabaret, or other similar place" operated for profit, and we think that it is, then the proceeds from the operation of the

checkroom are subject to the tax, since paid for a service at such place. This construction seems to be in accordance with the regulations promulgated by the Internal Revenue Bureau interpreting this statute.

The provision of the statute under consideration became effective in its present form October 21, 1942. 56 Stat. 981 (1942), 26 U.S.C.A. Int.Rev. Code, § 1700 (e) (1). It is not free from ambiguity. Since the statute is ambiguous in its definition of a "roof garden, cabaret, or other similar place" and does not attempt to define a "public performance," it was a proper subject for an interpretative regulation. The Internal Revenue Bureau adopted the following regulation after the enactment of the statute in question, the pertinent parts of which regulation are as follows:

"Sec. 101.14. *Scope of tax.* The term 'roof garden, cabaret, or other similar place' includes any room in any hotel, restaurant, hall, or other public place where music and dancing privileges or any other entertainment, except instrumental or mechanical music alone, are afforded the patrons in connection with the serving or selling of food, refreshment, or merchandise. A public performance furnished at a roof garden, cabaret, or other similar place shall be regarded as being furnished for profit for purposes of this section even though the charge made for admission, refreshment, service, or merchandise is not increased by reason of the furnishing of such performance.

"Where music, whether by an orchestra, a mechanical device, or otherwise, and a space in which the patrons may dance is furnished in the dining room of a hotel, or in a restaurant, bar, etc., the entertainment constitutes a public performance for profit at a roof garden, cabaret, or similar place, and the payments made for admission, refreshment, service, and merchandise are subject to the tax.

\* \* \* \* \* \*

"*Examples.* (1) A proprietor of a dancing establishment provides for the serving of refreshments to his patrons. An admission or cover charge is made to each patron. In this case the admission or cover charges and also the charges for refreshment, service, and merchandise are subject to the tax." 26 Code Fed.Regs. 101.14 (Cum.Supp. 1944).

This regulation is a fair interpretation of the statute; it is not in conflict therewith but seeks to aid and does aid in the clarification of the statute for administrative purposes. Such fair and reasonable interpretation of the statute is entitled to favorable consideration and weight in the construction thereof. Brewster v. Gage, Collector of Internal Revenue, 280 U.S. 327, 336, 50 S.Ct. 115, 74 L.Ed. 457. This regulation is in accordance with our understanding of the statute and is valid; and it supports the District Court's conclusions and judgment.

The judgment of the District Court is affirmed.