Charles E. O'MALLEY, Claude C. Alexander and Peter G. Farrow, as Executors of the Will of Edward H. Fabrice, Deceased, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

No. 14556.

United States Court of Appeals Seventh Circuit.

Oct. 27, 1964.

Rehearing Denied Feb. 8, 1965, en Banc.

Louis F. Oberdorfer, Asst. Atty. Gen., Ralph A. Muoio, Atty., Tax Div., Dept. of Justice, Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., Edward V. Hanrahan, U. S. Atty., of counsel, for appellant.

Leon Fieldman, Walter F. Cunningham, Addis E. Hull, Chicago, Ill., Raymond, Mayer, Jenner & Block, Chicago, Ill., of counsel, for appellees.

Before DUFFY, SCHNACKENBERG and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

United States of America, defendant, appeals from a judgment of the district court for $76,841.77 with interest, against it and in favor of plaintiffs, Charles E. O'Malley, Claude C. Alexander and Peter G. Farrow, as executors of the will of Edward H. Fabrice, deceased.

The stipulated facts reveal that this action is for refund of federal estate tax paid to defendant by plaintiffs, and arises under the Internal Revenue Code of 1939, 26 U.S.C.A. § 1 et seq.

Edward H. Fabrice, a resident of Illinois, died on October 13, 1949. In December, 1936, and January, 1937, Fabrice created five *irrevocable* trusts naming himself and two other persons as co-trustees. The trust instruments were substantially identical except for the names of the beneficiaries and the property transferred. Fabrice's daughter Janet was the beneficiary of two of the trusts, his daughter Lorraine was beneficiary of two other trusts and his wife was to receive the benefit of the fifth trust.

Under each of the five trusts, the co-trustees retained the right to distribute or accumulate the income of the trusts and the income accumulated was to become part of the principal.

Fabrice retained no power to revoke, change or modify the terms of the trusts for his benefit or in any way by which he could ever acquire any interest in the corpus or income of the trusts.

When Fabrice died in 1949, the total assets in the trusts had a value of $276,-741.16. Shares of stock originally transferred to the trusts had a value of $90,-600. The difference of $186,141.16 represented the value of accumulated income and stock purchased for the trust with such income. The Commissioner included the total amount of $276,741.16 in Fabrice's gross estate, on the ground that Fabrice's power to distribute or accumulate the income of the trusts constituted a power to designate the persons who would possess or enjoy the income and to alter the trusts, within the meaning of §§ 811(c) (1) (B) (ii) and 811(d) (1) of the 1939 Code.

The district court determined that the aforesaid parts of the 1939 Code were applicable, but held that the amount includible in the gross estate was only the value of the stock originally transferred by Fabrice to the trusts ($90,600) and did not include accumulated income and property purchased with accumulated income ($186,141.16). It relied on our decision in Commissioner of Internal Revenue v. McDermott's Estate, 7 Cir., 222 F.2d 665, 55 A.L.R.2d 410 (1955).[1]

The parties in this case agree that the judgment entered by the district court conforms with our holding in McDermott's Estate. However, defendant asks us to reject McDermott's Estate on the authority of Reinecke v. Northern Trust Co., 278 U.S. 339, 345, 49 S.Ct. 123, 73 L.Ed. 410; Commissioner of Internal Revenue v. Estate of Church, 335 U.S. 632, 644–646, 69 S.Ct. 322, 93 L.Ed. 288, and other cases.

After citing our holding in Commissioner of Internal Revenue v. Gidwitz' Estate, 7 Cir., 196 F.2d 813, we said, in McDermott's Estate, 222 F.2d at 667–668:

"* * * The accumulations there involved, as in the instant case, were not part of the property transferred

---

1. It does not appear that the government applied for a writ of certiorari in McDermott's Estate.

and were, therefore, not includible. The Commissioner in his attempt to escape our holding in Gidwitz argues that here 'the transfers were not complete until taxpayer's [decedent's] death since the property transferred is includible in his estate by reason of retained powers to designate who shall enjoy, under Code Section 811(c) (1) (B), and to change the enjoyment of the trust estate through a power to alter, amend or revoke, under Code Section 811(d) (1).' We think this attempted distinction is without merit. The transfer in the instant case was as complete as it was in the Gidwitz case. The trusts were irrevocable, with no power reserved in the settlor or trustee to revoke, change or modify the terms of the trusts for his benefit or in a manner by which he could ever acquire any interest in either the corpus or the income therefrom. He received the dividends (accumulations) on the trust corpus (corporate stock) solely in his capacity as a trustee. He was without power or right to receive such dividends in any other capacity. The fact that the trustee retained some control over the manner of handling the accumulations and their distribution does not militate against the fact that the transfer of the trust corpus was complete when made. Such control or power as was retained did not or could not result in any financial benefit to the trustee, and neither could it affect the rights of the beneficiaries in the aggregate. It could result in nothing more than the shifting of benefits and a determination as to the time of their enjoyment by the beneficiaries. It is thus our view that the Tax Court properly relied upon the Gidwitz case as authority for its position."

We discern that Commissioner of Internal Revenue v. Estate of Church is not inconsistent with McDermott's Estate. Church created an irrevocable trust but required the trustees to pay him the income for life and, under those facts, the Supreme Court held the transfer incomplete until Church's death. In the case at bar, Fabrice had no right to receive the income or corpus during his lifetime or at his death. Nor is Reinecke applicable, because the trusts in that case were *revocable*. Industrial Trust Co. v. Commissioner, 1 Cir., 165 F.2d 142, 1 A.L.R.2d 144 (1947) and other cases relied on by defendant are not inconsistent with the disposition which we make of this appeal. The one exception seems to be Estate of Round v. Commissioner, 40 T.C. 970, where the decision does not cite McDermott's Estate or the Tax Court's contrary decision in McDermott's Estate, 12 TCM 481, 489, or its contrary dictum in McGehee v. Commissioner, 28 T.C. 412. These latter decisions cast some doubt upon the authority of Round, which was affirmed, 1 Cir., 332 F.2d 590 (1964), in an opinion in which the court admitted, at 595, that it was unable to agree with the Seventh Circuit.

On the other hand, McDermott's Estate was approved and followed in Michigan Trust Company v. Kavanagh, 6 Cir., 284 F.2d 502 (1960).

Although McDermott's Estate was decided in 1955 and the rule stated therein has never been changed by any act of Congress, we believe that it is firmly established as the law of this circuit. Under the doctrine of *stare decisis*, even if we had any doubt as to the correctness of our holding in McDermott's Estate, we would not be justified, because of any of the arguments advanced by defendant, in reversing that holding at this time.

In California State Board of Equalization v. Goggin, 9 Cir., 245 F.2d 44, at 45 (1957), cert. den. 353 U.S. 961, 77 S.Ct. 863, 1 L.Ed.2d 910 the court remarked:

"* * * This Court should respect and follow our previous opinions. The trial courts are entitled to rely upon such earlier pronouncements. * * *"

In Commissioner of Internal Revenue v. Moran, 8 Cir., 236 F.2d 595, at 596 (1956), the court said:

" * * * This court has repeatedly held, particularly in tax matters, that the decision of another Court of Appeals should be followed unless demonstrably erroneous or there appear cogent reasons for its rejection. Birmingham v. Geer, 8 Cir., 1950, 185 F.2d 82, 85, certiorari denied 1951, 340 U.S. 951, 71 S.Ct. 571, 95 L.Ed. 686.

"'It is important that, so far as possible and particularly with respect to questions affecting the administration of taxing statutes, there should be uniformity of decision among the circuits. We would not be justified in refusing to follow the decision of the Circuit Court of Appeals in the Avalon case [Avalon Amusement Corp. v. United States, 7 Cir., 165 F.2d 653] unless convinced that it was clearly wrong. United States v. Armature Rewinding Co., 8 Cir., 124 F.2d 589, 591; United States v. Kelley, 8 Cir., 110 F.2d 922, 924; Grain Belt Supply Co. v. Commissioner of Internal Revenue, 8 Cir., 109 F.2d 490, 492.'

"See also Lazier v. United States, 8 Cir., 1948, 170 F.2d 521, 526, 9 A.L.R.2d 324."

For the reasons which we have herein stated, the judgment from which defendant has appealed is affirmed.

Judgment affirmed.

KILEY, Circuit Judge (concurring).

I concur in the result achieved by the majority, because I think the stability of the law in this circuit requires that, generally speaking, no panel in this court ought to overrule the decision of another panel, and that only the court en banc should exercise this power.

I share the view of the district court, however, which reluctantly followed McDermott in its decision, since I have grave doubt about the correctness of the McDermott decision in its reliance upon Gidwitz. In the Gidwitz case the Tax Court had found as a matter of fact that the transfer was in contemplation of death and accordingly was complete in the transferor's lifetime and thus not includible in his gross estate. There was no reservation by Gidwitz of any dominion over the property transferred. McDermott, however, as settlor-trustee, reserved the right to distribute or accumulate income from the trust corpus. Yet this court held that the income was not includible in his gross estate because the transfer was as complete "as it was in the Gidwitz case" with no power reserved to "revoke, change or modify" the trust for the settlor's benefit or by which he could ever acquire any interest in the income from the corpus.

This holding was rejected, after analysis, by the First Circuit in Round v. C. I. R., 332 F.2d 590 (1964), and its soundness has been questioned by legal scholars, Lowndes and Kramer, Federal Estate and Gift Taxes, at 434–35 (1962). The views of the First Circuit and of Lowndes and Kramer are support for the Commissioner's contention, in the case before us, that the Fabrice transfer, because he reserved dominion over the income until his death, was incomplete until the time of his death. The reservation of dominion over the income in the McDermott case and in the case before us is what distinguishes them from Gidwitz. The fact that a settlor does not or cannot benefit from the retained power is, in my opinion, immaterial to the precise question here.