## UNITED STATES *v.* O'MALLEY ET AL.

No. 127.   Argued January 24–25, 1966.—Decided March 23, 1966.

*Solicitor General Marshall* argued the cause for the United States.  With him on the brief were *Acting*

*Assistant Attorney General Roberts, Meyer Rothwacks, Loring W. Post* and *Richard A. Posner.*

*Leon Fieldman* argued the cause for respondents. With him on the brief were *Thomas P. Sullivan* and *Walter F. Cunningham.*

MR. JUSTICE WHITE delivered the opinion of the Court.

The Internal Revenue Code of 1939 imposes an estate tax "upon the transfer of the net estate of every decedent." § 810. The gross estate is to include not only all property "[t]o the extent of the interest therein of the decedent at the time of his death," § 811 (a), but also, under § 811 (c)(1), all property

> "To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—
> "(A) in contemplation of his death; or
> "(B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; or [1]
> "(C) intended to take effect in possession or enjoyment at or after his death,"

---

[1] Section 2036 of the Int. Rev. Code of 1954, as amended, 26 U. S. C. § 2036 (1964 ed.), is materially the same as § 811 (c)(1)(B) of the Int. Rev. Code of 1939.

and, under § 811 (d), property which has been the subject of a revocable transfer described in that section.[2]

Edward H. Fabrice, who died in 1949, created five irrevocable trusts in 1936 and 1937, two for each of two daughters and one for his wife. He was one of three trustees of the trusts, each of which provided that the trustees, in their sole discretion, could pay trust income to the beneficiary or accumulate the income, in which event it became part of the principal of the trust.[3] Basing his action on § 811 (c)(1)(B)(ii) and § 811 (d)(1), the Commissioner included in Fabrice's gross estate both the original principal of the trusts and the accumulated income added thereto. He accordingly assessed a deficiency, the payment of which prompted this refund action by the respondents, the executors of the estate. The District Court found the original corpus of the trusts includable in the estate, a holding not challenged in the Court of Appeals or here. It felt obliged, how-

---

[2] Section 811 (d)(1) provides:

"To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona-fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death."

[3] The following provision in the trust for Janet Fabrice is also contained in the other trusts:

"The net income from the Trust Estate shall be paid, in whole or in part, to my daughter, JANET FABRICE, in such proportions, amounts and at such times as the Trustees may, from time to time, in their sole discretion, determine, or said net income may be retained by the Trustees and credited to the account of said beneficiary, and any income not distributed in any calendar year shall become a part of the principal of the Trust Estate."

ever, by *Commissioner* v. *McDermott's Estate*, 222 F. 2d 665, to exclude from the taxable estate the portion of the trust principal representing accumulated income and to order an appropriate refund. 220 F. Supp. 30. The Court of Appeals affirmed, 340 F. 2d 930, adhering to its own decision in *McDermott's Estate* and noting its disagreement with *Round* v. *Commissioner*, 332 F. 2d 590, in which the Court of Appeals for the First Circuit declined to follow *McDermott's Estate*. Because of these conflicting decisions we granted certiorari. 382 U. S. 810. We now reverse the decision below.

The applicability of § 811 (c)(1)(B)(ii), upon which the United States now stands, depends upon the answer to two inquiries relevant to the facts of this case: first, whether Fabrice retained a power "to designate the persons who shall possess or enjoy the property or the income therefrom"; and second, whether the property sought to be included, namely, the portions of trust principal representing accumulated income, was the subject of a previous transfer by Fabrice.

Section 811 (c)(1)(B)(ii), which originated in 1931, was an important part of the congressional response to *May* v. *Heiner*, 281 U. S. 238, and its offspring[4] and of

---

[4] In *May* v. *Heiner* the Court dealt with a trust providing for payment of income to the spouse for his life, then to the grantor for her life, with remainder to the children. The corpus of the trust was held not includable in the gross estate under Revenue Act of 1918, c. 18, § 402 (c), 40 Stat. 1097, which was the predecessor of § 811 (c), I. R. C. 1939, and which then provided for the inclusion of all property ". . . to the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death . . . ." 281 U. S. 238, 244. There followed on March 2, 1931, three *per curiam* opinions in the same vein: *Burnet* v. *Northern Trust Co.*, 283 U. S. 782 (grantor reserved life interest in income); *Morsman* v. *Burnet*, 283 U. S. 783 (the same); *McCormick* v. *Burnet*, 283 U. S. 784 (trustees directed to accumulate income sub-

the legislative policy of subjecting to tax all property which has been the subject of an incomplete *inter vivos* transfer.   Cf. *Commissioner* v. *Estate of Church,* 335 U. S. 632, 644–645; *Helvering* v. *Hallock,* 309 U. S. 106, 114.   The section requires the property to be included not only when the grantor himself has the right to its income but also when he has the right to designate those who may possess and enjoy it.   Here Fabrice was empowered, with the other trustees, to distribute the trust income to the income beneficiaries or to accumulate it and add it to the principal, thereby denying to the beneficiaries the privilege of immediate enjoyment and conditioning their eventual enjoyment upon surviving the termination of the trust.   This is a significant power, see *Commissioner* v. *Estate of Holmes,* 326 U. S. 480, 487, and of sufficient substance to be deemed the power to "designate" within the meaning of § 811 (c) (1) (B) (ii). This was the holding of the Tax Court and the Court of Appeals almost 20 years ago.   *Industrial Trust Co.* v.

---

ject to power in the grantor to request distributions for certain specified purposes; grantor also had a power to terminate contingent upon approval of any one beneficiary and a remainder interest contingent upon surviving all named beneficiaries).   On March 3, 1931, § 302 (c) of the Revenue Act of 1926 was amended by joint resolution to read as follows:

"To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, including a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from, the property or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth."   Revenue Act of 1926, c. 27, § 302 (c), 44 Stat. 70, as amended, c. 454, § 302 (c), 46 Stat. 1516.

Through various amendments in other years, § 302 (c) evolved into § 811 (c), Int. Rev. Code of 1939.

*Commissioner,* 165 F. 2d 142, affirming in this respect *Estate of Budlong* v. *Commissioner,* 7 T. C. 756. The District Court here followed *Industrial Trust* and affirmed the includability of the original principal of each of the Fabrice trusts. That ruling is not now disputed. By the same token, the first condition to taxing accumulated income added to the principal is satisfied, for the income from these increments to principal was subject to the identical power in Fabrice to distribute or accumulate until the very moment of his death.

The dispute in this case relates to the second condition to the applicability of § 811 (c)(1)(B)(ii)—whether Fabrice had ever "transferred" the income additions to the trust principal. Contrary to the judgment of the Court of Appeals, we are sure that he had. At the time Fabrice established these trusts, he owned all of the rights to the property transferred, a major aspect of which was his right to the present and future income produced by that property. *Commissioner* v. *Estate of Church,* 335 U. S. 632, 644. With the creation of the trusts, he relinquished all of his rights to income except the power to distribute that income to the income beneficiaries or to accumulate it and hold it for the remaindermen of the trusts. He no longer had, for example, the right to income for his own benefit or to have it distributed to any other than the trust beneficiaries. Moreover, with respect to the very additions to principal now at issue, he exercised his retained power to distribute or accumulate income, choosing to do the latter and thereby adding to the principal of the trusts. All income increments to trust principal are therefore traceable to Fabrice himself, by virtue of the original transfer and the exercise of the power to accumulate. Before the creation of the trusts, Fabrice owned all rights to the property and to its income. By the time of his death he had divested himself of all power and control over accumulated income

which had been added to the principal, except the power to deal with the income from such additions. With respect to each addition to trust principal from accumulated income, Fabrice had clearly made a "transfer" as required by § 811 (c)(1)(B)(ii). Under that section, the power over income retained by Fabrice is sufficient to require the inclusion of the original corpus of the trust in his gross estate. The accumulated income added to principal is subject to the same power and is likewise includable. *Round* v. *Commissioner*, 332 F. 2d 590; *Estate of Yawkey* v. *Commissioner*, 12 T. C. 1164.[5]

Respondents rely upon two cases in which the Tax Court and two circuit courts of appeals have concluded that where an irrevocable *inter vivos* transfer in trust, not incomplete in any respect, is subjected to tax as a gift in contemplation of death under § 811 (c), the income of the trust accumulated prior to the grantor's death is not includable in the gross estate. *Commissioner* v. *Gidwitz' Estate*, 196 F. 2d 813, affirming 14 T. C. 1263; *Burns* v. *Commissioner*, 177 F. 2d 739, affirming 9 T. C. 979. The courts in those cases considered the taxable event to be a completed *inter vivos* transfer, not a transfer at death, and the property includable to be only the property subject to that transfer. The value of that property, whatever the valuation date, was apparently deemed an adequate reflection of any income rights included in the transfer since the grantor retained no interest in the property and no power over income

---

[5] This same result was reached, but without discussion, in *Estate of Spiegel* v. *Commissioner*, 335 U. S. 701, under the "take effect in possession or enjoyment" provision of § 811 (c) and in *Commissioner* v. *Estate of Holmes*, 326 U. S. 480, under § 811 (d). Other cases reaching the same conclusion under § 811 (d) or its predecessors are *Commissioner* v. *Hager's Estate*, 173 F. 2d 613, petition for cert. dismissed, 337 U. S. 937; *Estate of Showers* v. *Commissioner*, 14 T. C. 902; *Estate of Guggenheim* v. *Commissioner*, 40 B. T. A. 181, aff'd, 117 F. 2d 469, cert. denied, 314 U. S. 621.

which might justify the addition of subsequently accumulated income to his own gross estate. Cf. *Maass* v. *Higgins*, 312 U. S. 443.

This reasoning, however, does not solve those cases arising under other provisions of § 811. The courts in both *Burns*, 9 T. C. 979, 988–989 and *Gidwitz*, 196 F. 2d 813, 817–818, expressly distinguished those situations where the grantor retains an interest in a property or its income, or a power over either, and his death is a significant step in effecting a transfer which began *inter vivos* but which becomes final and complete only with his demise. *McDermott's Estate* failed to note this distinction and represents an erroneous extension of *Gidwitz*.[6] In both *McDermott* and the case before us now, the grantor reserved the power to accumulate or distribute income. This power he exercised by accumulating and adding income to principal and this same power he held until the moment of his death with respect to both the original principal and the accumulated income. In these circumstances, § 811 (c)(1)(B)(ii) requires inclusion in Fabrice's gross estate of all of the trust principal, including those portions representing accumulated income.

*Reversed.*

MR. JUSTICE STEWART, with whom MR. JUSTICE HARLAN joins, dissenting.

In the 1930's Edward Fabrice made an irrevocable transfer of certain property to trusts for the benefit of

---

[6] The Court of Appeals in *McDermott's Estate* was clearly wrong in saying that the transfer there involved was as complete as was the transfer in *Gidwitz*. In *Gidwitz* the transfer was in trust and the grantor was one of the trustees but there was a specific direction to accumulate with no discretionary powers in the trustees over either income or principal. In *McDermott*, as in this case, the grantor retained the power, with other trustees, to accumulate or distribute trust income.

his wife and daughters. Twelve years later he died. Because of the provisions of § 811 (c)(1)(B)(ii) of the Internal Revenue Code of 1939,[1] the value of the property Fabrice had irrevocably transferred was nonetheless included in his gross estate for estate tax purposes. The respondents do not question the correctness of that determination. But in this case the Court holds that the accumulated income which that property generated during the 12 years that elapsed after Fabrice had irrevocably transferred it is also to be included in his gross estate under § 811 (c)(1)(B)(ii). I think the Court misreads the statute.

By its terms the statutory provision applies only to property "of which the decedent has at any time made a transfer." Fabrice "made a transfer" only of the original trust corpus. He never "made a transfer" of the income which the corpus thereafter produced, whether accumulated or not.[2] I can put the matter no more clearly than did the Court of Appeals for the Seventh Circuit in *Commissioner* v. *McDermott's Estate*, 222 F. 2d 665, 668:

"Irrespective of all other considerations, property to be includible must have been transferred. Obviously, the accumulations here involved were not transferred by the decedent to the trustee. It is true, of course, that the accumulations represented the fruit derived from the property which was transferred but, even so, Congress did not make provision for including the fruit, it provided only for the property transferred. If it desired and intended to in-

---

[1] The relevant text of the statute is set out on page 628 of the Court's opinion.

[2] The value of the original trust corpus at the time of transfer and at the time of Fabrice's death no doubt reflected its income-producing capacity.

clude the accumulations, it would have been a simple matter for it to have so stated."

See also *Michigan Trust Co.* v. *Kavanagh,* 284 F. 2d 502, 506–507 (C. A. 6th Cir.).

Nothing in the legislative history persuades me that the statute should not be applied as it was written, and I would therefore affirm the judgment.