Lottie **RUDIN**, Abraham L. **Rudin** and Esther Shenk, Co-Executors of the Estate of Samuel **Rudin**, Deceased and Lottie **Rudin** and Esther Shenk, Successor Trustees for Linda Flora Glaberson

v.

**UNITED STATES of America.**

Civ. A. No. 34716.

United States District Court
E. D. Pennsylvania.

May 10, 1968.

---

902

Norman Charles Henss, Philadelphia, Pa., for plaintiffs.

Mark S. Rothman, Dept. of Justice, Washington, D. C., for defendant.

OPINION AND ORDER

JOHN W. LORD, Jr., District Judge.

This is an action for a refund of federal estate taxes, brought by the executors and successor trustees of the estate of Samuel Rudin. Plaintiffs' Motion for Summary Judgment is presently before the Court.

The case has been submitted to the Court upon a lengthy stipulation of facts. A brief summary of these facts, as stipulated by the parties, is as follows:

Samuel Rudin created an inter vivos trust for the benefit of his minor daughter on February 15, 1949. He remained the sole trustee until his death in 1958. Successor trustees were ap-

pointed pursuant to a direction in the trust deed. The trust deed directed, in part, that the trustee should accumulate the net income of the trust and add this accumulation to the principal, until settlor's daughter attained the age of 21. Upon reaching 21 she was entitled to be paid income in current installments until she reached the age of 40, at which time the trust would terminate. In the concluding paragraphs of the trust deed, in the section enumerating the boilerplate "powers" of the trustee, there appears, as one of the enumerated powers granted to "the TRUSTEE and his successors" the power to make gifts from the income of the trust to charitable organizations.

The District Director of Internal Revenue in Philadelphia, in his 90 day letter, included the trust assets in decedent's gross estate, because of the reservation of a power to make charitable contributions from trust income. The defendant also asserted that the additional federal estate tax burden attributable to the estate by the inclusion of the trust assets was to be allocated between the trust and the residuary estate, in accordance with the formula outlined in the Pennsylvania Estate Tax Apportionment Act of 1951, 20 P.S. §§ 881–887. Plaintiffs contend that even if the tax were properly assessed against the trust, the trust should bear the entire burden of such added taxes. The taxes were paid and upon the refusal by the District Director to refund them the present suit was instituted in this Court, seeking the refund. The stipulation concludes with an agreement between the parties that regardless of the outcome of this litigation plaintiffs are entitled to claim the additional attorneys' fees necessitated by the present proceedings as a deduction in the computation of the net estate for federal estate tax purposes.

## DISCUSSION

■ There are three issues presented for resolution in plaintiffs' motion for summary judgment: (1) was the trust property properly included in the decedent's gross estate for federal estate tax purposes?; (2) if the trust property was properly includable in the decedent's gross estate, is the entire federal estate tax attributable to the trust assets to be borne by the trust alone?; and (3) are plaintiffs entitled to a deduction based on the attorneys' fees incident to this suit? The final issue, number three above, has already been stipulated to by the government and must be answered in the affirmative.

■ Undoubtedly, the primary issue in this case is whether the assets of the inter vivos trust, which decedent had established for the benefit of his minor daughter, should be taxed as part of his estate under §§ 2306(a) (1) & (2) and 2038 of the Internal Revenue Code. 26 U.S.C.A. §§ 2036(a) (1) & (2) and 2038. These estate tax provisions provide that trust assets should be included in decedent's gross estate where decedent has reserved the right to enjoy the property or income therefrom or to designate the beneficiaries thereof, or to amend or revoke the trust. The role of these estate tax provisions is to implement " * * * the legislative policy of subjecting to tax all property which has been the subject of an incomplete *inter vivos* transfer." United States v. O'Malley, 383 U.S. 627, 631, 86 S.Ct. 1123, 1126, 16 L.Ed.2d 145 (1966).

In the present case, the government included the trust assets in the decedent-settlor's gross estate on the theory that he had made an "incomplete" inter vivos transfer by reserving to himself the "power" as trustee to make charitable gifts out of trust income. Plaintiffs counter the government's theory by asserting that the "power" to make charitable gifts is in irreconcilable conflict with the specific dispositive provision of the trust that places a *duty* on the trustee to accumulate or pay all income to his daughter. Plaintiffs maintain, therefore, that the

general "power", being in conflict with the overall purpose of the trust, is null and void and of no effect. Plaintiffs argue that if the "power" is, in fact, a nullity, then settlor did not make an "incomplete" inter vivos transfer and the trust was erroneously included in decedent's gross estate for federal estate tax purposes. Plaintiffs' contentions have merit.

Upon a careful reading of the trust deed, it becomes apparent that settlor established the trust for the benefit of his daughter alone. There was to be a mandatory accumulation of income until she reached 21. Thereafter, a mandatory duty to pay the income to her until she reached 40, at which time the trust would terminate. The general "power" to make charitable gifts is in obvious conflict with the mandatory dispositive provisions which impose a duty on the trustee to accumulate and pay all income to the settlor-trustee's daughter. If the trustee exercised the "power" to make gifts to charities, he would violate his duty to accumulate income and thus render the dispositive provisions of the trust a nullity.

This very question of irreconcilable conflict between the two trust provisions has been litigated in the state courts, although the government was not a party to this litigation and any determination made by the state trial court, although meriting "proper regard" is not automatically binding on this Court for federal estate tax purposes. Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). The matter arose in the state courts subsequent to the settlor's death, when the successor trustees attempted to exercise the charitable gift "power" and the settlor's daughter sought to have them surcharged. The surcharge was granted by Judge Taxis of the Montgomery County Orphan's Court, who filed an excellent, well-reasoned opinion outlining the reasons for his decision to surcharge the trustees.

Rudin Trust, 81 Montg. 264 (1962). Judge Taxis pointed to the obvious conflict between the duty to accumulate or pay out income to the settlor's daughter and the "power" to make charitable gifts. He outlined three separate grounds for declaring the "power" provision null and void. Initially, it is a matter of well-settled Pennsylvania law that in situations of conflict between two trust provisions, the earlier provision controls. (Citing Gerhard Estate, 73 Pa.Dist. & Co.R. 243, 247). As the dispositive provision to accumulate or pay income for the daughter's benefit is first, it controls. A second rule of construction mentioned by Judge Taxis is that in case of a conflict, the specific controls the general. (Citing Obici Trust, 390 Pa. 180, 134 A.2d 900 (1957)). Here the specific direction as to distribution of income or its accumulation for settlor's daughter controls. Finally, Judge Taxis concluded that although a power is conferred upon the trustee, he cannot properly exercise the power under such circumstances as will involve a violation of any of his duties to the beneficiary. (Citing Restatement, Trusts, (Second) § 186, comment f).

The government advances two arguments to undermine the conclusions reached by Judge Taxis, in support of its theory that the trust assets are properly includable in decedent's gross estate. The government argues that Judge Taxis concluded that the successor trustees are barred from exercising the "power" to make charitable gifts, but that the settlor-trustee might not have been so barred. The "power" was extended, by the express terms of the trust deed, to "the TRUSTEE and his successors". Certainly, if the successors are without "power" the trustee would be in no better position. Secondly, the government argues that while the trustee might not have the "power" to make charitable gifts after the daughter reached 21 because of his duty to pay her the income, there is no conflict be-

tween the "power" and the duty to accumulate income during the child's minority, since what is not given to charity can be accumulated for the child. This suggested reading of the trust deed flys into the very teeth of settlor's obvious intent, to accumulate and then pay the income to his daughter. Certainly if the trustee had to pay all of the income to his daughter, he would be hard pressed to argue, in the face of a surcharge, that he did not have an equal responsibility to accumulate all the income also.

Finally, the government urges that to declare the "power" null and void violates the Pennsylvania rule of construction that every provision, whenever possible, is to be rendered effective and not regarded as a nullity. The Court's attention is called to the decision in Wolters' Estate, 359 Pa. 520, 525, 59 A.2d 147, 149 (1948), where the Supreme Court of Pennsylvania comments:

> Familiar principles applicable generally in the judicial construction of contracts or other obligatory writings are pertinent here. Thus, *the intention of the creator of a trust is the guide primarily to be followed in interpreting* the intended effect of the indenture: Scott's Trust, 322 Pa. 1, 16, 184 A. 245. As in the case of all contracts, the deed of trust is properly to be construed with reference to its subject matter and purpose to which end resort to surrounding facts and circumstances may be had: Hild v. Dunn, 310 Pa. 289, 293, 165 A. 228. *And, unless contrary to the obvious purpose of the instrument,* force and effect are to be given to every provision thereof, whenever possible, so that the whole may be rendered effective and no part disregarded or treated as a nullity: Moran v. Bair, 304

Pa. 471, 475–476, 156 A. 81. [Emphasis supplied].

As the above excerpt indicates, the Pennsylvania courts are sensitive to the fact that usually every provision in a deed of trust must be given its due effect, *unless* it conflicts with the obvious purpose of the trust. In the Rudin trust deed the "power" to make charitable gifts clearly conflicts with the duty to accumulate, and later pay out, income for the benefit of settlor's daughter.

Inasmuch as the "power" must be considered void and counter to the basic purpose of the trust, the "power" cannot expose decedent's estate to increased estate tax liability by the inclusion of the trust assets in decedent's gross estate. Consequently, this Court must conclude that the government improperly included the trust property in the gross assets of the decedent's estate; that there was a valid irrevocable inter vivos trust over which the decedent did not retain enjoyment or the right to designate beneficiaries; and that the plaintiffs are entitled to a refund of the estate taxes they have already paid based upon the inclusion of the trust assets in the gross estate.

Alternatively, this Court agrees with the opinion of Judge Taxis, appearing in Rudin Estate, 29 Pa.Dist. & Co. R.2d 464 (1962), that were the trust to be included in decedent's gross estate, the increased estate taxes thus incurred should be apportioned equitably among persons interested in the property pursuant to the Pennsylvania Estate Tax Apportionment Act of 1951, 20 P.S. § 882.

And now, to wit, this 10th day of May, A.D. 1968, it is ordered that Plaintiffs' Motion for Summary Judgment be and the same is hereby granted.

And it is so ordered.