**Henry B. JOY, Jr. and William C. McMillan, as Executors under the Will of Helen N. Joy, Deceased, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 18203.

United States Court of Appeals Sixth Circuit.

Dec. 9, 1968.

Marshall M. Massey, Detroit, Mich., for appellants, Dykema, Wheat, Spencer, Goodnow & Trigg, Detroit, Mich., on the brief.

David E. Carmack, Atty., Dept. of Justice, Washington, D. C., for appellee, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Loring W. Post, Attys., Dept. of Justice, Washington, D. C., on the brief, Lawrence Gubow, U. S. Atty., Milton J. Trumbauer, Asst. U. S. Atty., Detroit, Mich., of counsel.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a federal estate tax case presenting the question whether § 2036(a)(2) of the Internal Revenue Code of 1954 applies to four irrevocable inter vivos trusts created by Mrs. Helen N. Joy for the benefit of grandchildren.

The executors of the estate of Mrs. Joy filed an action for refund of a $727,-494.09 tax deficiency paid, contending that the taxes were improperly assessed and collected. District Judge Thaddeus M. Machrowicz held against the execu-

tors, ruling that the trusts were subject to taxation under § 2036(a) (2) to the extent of eighty per cent of the corpus of the four trusts and also to the extent of all undistributed net income. The Government's motion for partial summary judgment was sustained and the motion of the executors for summary judgment was overruled. The executors appeal.

The four inter vivos trusts with respect to which the deficiency was assessed were established by Mrs. Joy in 1948 for the benefit of her four grandchildren. They are referred to and described as follows:

1. Peterle Trust:—Created June 18, 1948, for the benefit of Mrs. Joy's granddaughter, Joy Lee Peterla (who later changed her name to Peterle) who was 28 years old on that date.

2. Mikesell Trust:—Created June 18, 1948, for the benefit of Mrs. Joy's granddaughter, Marian Lee Mikesell, who was 27 years old on that date.

3. Fuller Trust:—Created June 18, 1948, for the benefit of Mrs. Joy's granddaughter, Eunice Lee Fuller, who was 26 years old on that date.

4. Joy III Trust:—Created November 23, 1948, for the benefit of Mrs. Joy's grandson, Henry B. Joy III, who was eight years old on that date.

Under the terms of each trust instrument Mrs. Joy and her son were named as trustees. A third trustee was appointed later. Mrs. Joy continued to serve as co-trustee until her death on March 13, 1958. The four grandchildren who were named as beneficiaries all survived their grandmother.

Each of the four trust agreements contains the following provision which appears in identical language except for the name of the beneficiary and the date for termination and distribution of the trust, which was December 31, 1963, in the three trusts for Mrs. Joy's grand-daughters and December 31, 1969, in the trust for her grandson. It is here quoted from the Peterle trust:

"6. So long as Mrs. Peterla shall live, but not after the termination of this trust on December 31, 1963, the Trustees shall set aside 20% of the net income of the trust and add the same to the principal amount of the trust, and the same shall thereafter be held as part of such principal and not as undistributed income, and during the same period the Trustees shall pay out of the remaining 80% of the net income of the trust such amounts for Mrs. Peterla's expenses or the expenses of her family or household or for a personal allowance to her, or for any of such purposes, as the Trustees may in their sole discretion deem fit. Any part of such remaining 80% of the net income not so distributed or used by the Trustees (which may be called undistributed net income) shall be accumulated and may be invested from time to time as the Trustees may deem best and after such investment shall continue to be considered and treated as undistributed net income, and the Trustees may, if in their sole discretion they deem it fit, pay to Mrs. Peterla or for her benefit part or all of the undistributed net income at any time during the period of this trust and of her life. Upon the termination of this trust on December 31, 1963, as aforesaid, the Trustees shall pay and deliver over to Mrs. Peterla, if she shall then be living, the entire Trust Fund together with all accumulations of undistributed net income and all the cash, securities and properties of which the same shall then consist."

Each of the trust agreements contains provisions for remaindermen in the event the principal beneficiary does not survive to the date fixed in the provision quoted above for the termination of the trust and the distribution of the trust fund to the principal beneficiary.

The eighty per cent of the income which was distributable under the three

trusts terminating in 1963 was distributed by the trustees to the primary beneficiaries. The eighty per cent of the income of the Joy III trust terminating in 1969 was largely retained as undistributed net income and invested.

At the date of Mrs. Joy's death the value of the four trusts were:

| | |
|---|---|
| Peterle | $ 414,446.83 |
| Mikesell | 414,446.83 |
| Fuller | 414,446.83 |
| Joy III | 488,847.29 |
| | $1,732,187.78 |

The value of the Joy III Trust included 'undistributed net income' (as defined by paragraph 6 of the trust instrument) in the amount of $76,962.67.

Section 2036 provides as follows:

"The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer * * *, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

\* \* \* \* \* \*

"(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom."

The District Court held that Mrs. Joy's right as trustee to accumulate eighty per cent of the trust income as undistributed net income and her right to distribute that income after its accumulation were rights "to designate the persons who shall possess or enjoy the property or the income" within the terms of § 2036(a) (2). The judgment of the District Court requires the inclusion in the gross estate of the decedent of the value as of the date of her death of eighty per cent of the corpus of each trust and all the undistributed income. We agree and affirm.

We construe United States v. O'Malley, 383 U.S. 627, 86 S.Ct. 1123, 16 L.Ed.2d 145, to be determinative of the issues presented in the present case. In that case, as here, the grantor of the trust was one of the trustees. The trustees in their sole discretion could pay income to the beneficiary or accumulate the income, in which event it became part of the corpus of the trust. The District Court in that case held that the original corpus of the trusts was taxable and this issue was not presented on appeal. The Supreme Court held that the accumulated income, which had become a part of the corpus under the terms of the trust, was taxable. The statute involved in that case was § 811 (c) (1) (B) (ii) of the Internal Revenue Code of 1939.

As pointed out in footnote 1, 383 U.S. 628, § 2036 of the Internal Revenue Code of 1954 is materially the same as § 811 (c) (1) (B) of the Internal Revenue Code of 1939. These provisions of the 1954 and 1939 codes originated with the joint resolution of March 3, 1931, c. 454, 46 Stat. 1516, and were a part of the congressional response to May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244 and its progeny.[1]

In *O'Malley* the Supreme Court said:

"The section requires the property to be included not only when the grantor himself has the right to its income but also when he has the right to designate those who may possess and enjoy it." 383 U.S. at 631, 86 S.Ct. at 1126.

It is immaterial whether this right is reserved in the grantor in an individual capacity or in the capacity of co-trustee. O'Malley, at 631, 86 S.Ct. 1123. As said

1. Burnet v. Northern Trust Co., 283 U.S. 782, 51 S.Ct. 342, 75 L.Ed. 1412; Morsman v. Burnet, 283 U.S. 783, 51 S.Ct. 343, 75 L.Ed. 1412; and McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413. See n. 4, 383 U.S. 630, 86 S.Ct. 1123, 16 L.Ed.2d 145.

by this Court in Walter v. United States, 341 F.2d 182, 185 (6th Cir.), construing § 2038 of the Internal Revenue Code of 1954: "It is not material that the grandmother reserved the right to exercise this power as trustee, rather than in her individual capacity."

Under the provisions of each of the four trusts here involved, the grantor, as co-trustee, retained and possessed at her death the completely discretionary power to distribute part of or all of eighty per cent of the income of the trusts to certain named beneficiaries or to accumulate it, thereby denying to the beneficiaries the privilege of immediate enjoyment. At any time after the income had been accumulated the trustees, including the grantor, had the power to distribute it. Under these retained powers, the grantor as co-trustee could have withheld from the primary beneficiaries the right to immediate enjoyment of the income and, indeed, possibly the right ever to enjoy the income that might be accumulated because the primary beneficiaries might not have lived until the termination of the trusts. In the exercise of her retained power, the grantor could have decreased the income that the beneficiaries might have received and thereby have increased the shares that the contingent remaindermen eventually might have received. Thus the decedent, as co-trustee, had a power over the transferred property which continued until her death or until the termination of the trusts if prior to her death. As said in *O'Malley*, "This is a significant power * * * and of sufficient substance to be deemed the power to 'designate'" within the meaning of the statute. 383 U.S. at 631, 86 S.Ct. at 1126.

The executors contend that the taxation of the four trusts is controlled by § 2038 of the Internal Revenue Code of 1954; that the District Court erred in applying § 2036; and that the trusts are taxable under § 2038 only to the extent of the undistributed net income in the Joy III trust at the date of the death of the grantor and the value at her death of eighty per cent of the net income of each trust for the remainder of its term. Since we hold that the District Court correctly applied § 2036, it is not necessary to make a determination in this case as to the amount that would have been taxable under § 2038.

The District Court made no determination of that part of the motion for summary judgment filed by the executors that the estate is entitled to claim a refund, after completion of any appellate proceedings, based upon an additional deduction for attorneys fees and expenses of administration incurred in the prosecution of this action. Jurisdiction was retained in the District Court for this purpose.

Affirmed and remanded.