**OLD COLONY TRUST COMPANY, Executor of the Estate of John H. Cunningham**

v.

**UNITED STATES of America.**

**Civ. A. No. 68–418.**

United States District Court
D. Massachusetts.

June 27, 1969.

Albert L. Hyland, George E. Donovan, Lyne, Woodworth & Evarts, Boston, Mass., for plaintiff.

Donald R. Anderson and Risden C. Ackerman, Dept. of Justice, Washington, D. C.; Herbert F. Travers, U. S. Atty., and Joseph A. Lena, Asst. U. S. Atty., Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action brought for the refund of federal estate taxes of $84,-953.82 and interest in the sum of $12,854.39. The complaint also seeks a ruling determining the amount of attorneys' fees properly allowable as a deduction from the estate tax under the provisions of the estate tax regulation 20.2053(c) (2), 26 C.F.R. 20.2053(c) (2). All of the factual allegations of the complaint are admitted in defendant's answer and by agreement of counsel for the parties the matter was submitted to the court for determination without a hearing on the basis of plaintiff's motion for judgment on the pleadings and of the prayer for dismissal of the complaint as a matter of law contained in the conclusion of defendant's answer. From the admitted allegations of the complaint the following facts are taken as true for all relevant purposes.

Plaintiff is a corporation organized under the laws of Massachusetts and is the Executor of the Estate of John H. Cunningham, a resident of Massachusetts who died July 30, 1960. (A co-executor died on May 7, 1963, since which time plaintiff has served as the sole executor.) This action arises under the tax laws of the United States. Jurisdiction of this court is based on 28 U.S.C.A. § 1346(a) (1). The sections of the Internal Revenue Code involved are 26 U.S.C.A. § 2036 and 26 U.S.C.A. § 2038.

Plaintiff's testator, John H. Cunningham, had been since 1930, and was at the time of his death, one of the trustees of three separate trusts, of which trusts the settlor was Theresa I. Cunningham, his wife. The trusts were called, respectively, the John H. Cunningham, Jr. Trust, the Colin M. Cunningham Trust, and the Ingersoll Cunningham Trust. The three trusts, true copies of which are appended as exhibits to the complaint, are identical with respect to the clause contained therein setting out the powers of the trustees. The particular paragraph in each trust which gives rise to the instant controversy is Clause 4, which provides:

"The Trustees are given authority in their absolute discretion to increase the payments given to said Colin, when in their opinion such increase is needed in case of sickness, or desirable in view of changed circumstances. Said Trustees are likewise given full

authority in their absolute discretion to stop the payments to said Colin (partially or entirely) during such period as the Trustees may decide that the stoppage of such payments is for his best interests. Any accrual of income so stopped shall be added to the principal of the Trust Fund."

During the year 1938 John H. Cunningham made contributions to the capital of the three trusts, which contributions had an aggregate fair market value of $277,496.99 on the date of his death. The federal estate tax return, which was filed on October 27, 1961, did not include in the gross estate these contributions made by Mr. Cunningham in 1938. Thereafter, the Internal Revenue Service determined that the 1938 contributions were includable in his gross estate for federal estate tax purposes as transfers in trust where the enjoyment thereof was subject at the date of his death to a change through the exercise of a power by him to alter and amend within 26 U.S.C.A. § 2038, and also were includable as transfers in trust in which Mr. Cunningham retained for his life the right to designate a person or persons who shall possess and enjoy the property or the income therefrom within the provisions of 26 U.S.C.A. § 2036.

A deficiency of $84,953.82, together with interest thereon of $12,854.39, attributable solely to the inclusion of the aforesaid $277,496.99 in Mr. Cunningham's estate, was paid to Internal Revenue by plaintiff on May 22, 1964. On December 28, 1965, plaintiff duly filed with Internal Revenue a claim for refund in said amount, and on June 26, 1967 the Secretary of the Treasury mailed to plaintiff notice of the disallowance of the claim for refund. The instant suit was concededly timely filed on May 20, 1968, and the matter has been extensively briefed by counsel for the parties.

The foregoing facts present for decision two questions of the construction and application of the Internal Revenue Code of 1954. The first question is whether or not the trusts involved herein are taxable under 26 U.S.C.A. § 2036 (a) (2), on the theory that Mr. Cunningham retained for his life or for a period which did not in fact end before his death, the right in conjunction with another to designate who would possess the property he contributed to the trusts or to designate who would enjoy the income from said property. The second question is whether the property transferred to these trusts by Mr. Cunningham in his lifetime are taxable under 26 U.S.C.A. § 2038 because his transfers to the trusts were made without consideration and the enjoyment of the transferred property was subject at the date of his death to a change through the exercise of a power held by him in conjunction with another person to alter, amend, revoke, or terminate the trusts.

The parties are substantially in agreement that the resolution of the taxability of this property under 26 U.S.C.A. § 2036(a) (2) is to be determined in effect by deciding whether or not the opinion of the Court of Appeals for this Circuit in State Street Trust Company v. United States, 263 F.2d 635 (1959) is still good law. The Government contends that it is and the taxpayer contends that it is not in view of the dissenting opinion filed therein by the late Chief Judge Magruder, and in view of certain references in support of Judge Magruder's observations contained in two opinions of the Supreme Judicial Court of Massachusetts handed down subsequent to the filing of Judge Woodbury's majority opinion in State Street, namely, Boston Safe Deposit & Trust Company v. Stone, 348 Mass. 345, 351, 203 N.E.2d 547 (1965), and Old Colony Trust Company et al. v. Silliman, 352 Mass. 6, 8–9, 223 N.E.2d 504 (1967).

■ I am satisfied that a comparison of the powers involved in the trust held taxable in State Street and the powers involved in the Cunningham trusts clearly makes the Cunningham trusts taxable, if State Street is still the law. In so ruling I have in mind five decisions in addition to State Street Trust Company which tend to support that view. Industrial Trust Co. v. Commissioner of Inter-

nal Revenue, 165 F.2d 142 (1 Cir. 1947); United States v. O'Malley, 383 U.S. 627, 86 S.Ct. 1123, 16 L.Ed.2d 145 (1966); Commissioner of Internal Revenue v. Estate of Holmes, 326 U.S. 480, 66 S.Ct. 257, 90 L.Ed. 228 (1946); and Estate of Round v. Commissioner of Internal Revenue, 40 T.C. 970 (1963), aff'd. 332 F.2d 590 (1 Cir. 1964). The instant trusts are taxable because the trusts herein which key the exercise of the trustees' discretion to a test consisting of the words "when in their opinion such increase is * * * desirable in view of changed circumstances," and which allows the trustees "to stop the payments * * * partially or entirely during such period as the trustees may decide * * * is for his best interests," are trusts conferring powers on the trustees which are not limited by an ascertainable standard sufficient to preclude the inclusion in decedent's gross estate of the assets he transferred to the trusts.

It might be noted here that decedent reserved to himself the right to invade corpus for his own benefit to the extent of $5,000 a year which right also could work a change as to what amounts eventually were distributed to the beneficiaries.

The question of whether or not the language contained in the trusts furnishes a sufficiently ascertainable standard to preclude their taxation under the federal estate tax law is a question properly resolvable as a matter of federal not state law. Putting it another way, the presence or absence of a sufficiently ascertainable standard for the exercise of the trustees' discretion presents a question of federal not state law. Michigan Trust Co. v. Kavanagh, 137 F.Supp. 52 (E.D.Mich.1955), aff'd. 284 F.2d 502 (6 Cir. 1960).

▆▆ Finally, it should be noted that a district court in this circuit is bound by a prior ruling of the Court of Appeals, whether filed with or without a dissenting opinion, until that ruling is either vacated by a subsequent decision of the Court of Appeals or rendered non-viable by a ruling of the Supreme Court, either on *certiorari* stemming from that ruling or in some other case presenting the same legal issue. While there may be an exception to the binding effect which a ruling of the Court of Appeals has upon the district courts of this Circuit in rare and exceptionally compelling circumstances, the better judicial practice for district courts would appear to be to let that court, which announced the decision in State Street Trust Company v. United States, decide whether or not that case is currently good law, rather than have a district court undertake to do so.

There has not been called to the attention of this Court any change of either federal or Massachusetts law, decisional or statutory, which occurred subsequent to the decision of the Court of Appeals in *State Street*, of sufficient substance and clarity to afford a basis for or warrant this Court in not following the ruling of the Court of Appeals in the *State Street* case. The two Massachusetts cases cited above, Boston Safe Deposit & Trust Company v. Stone, and Old Colony Trust Co. et al. v. Silliman, do not purport to construe the language employed in the Cunningham trusts. Neither do they purport to resolve the effect under 26 U.S.C.A. §§ 2036 and 2038 of the extremely broad powers reserved by Mr. Cunningham in terms of the effect of that reservation on the taxability of the assets he transferred to the trusts.

It is significant to observe that the last sentence in Footnote 8 to the opinion of the Supreme Judicial Court in the *Boston Safe Deposit* case, which specifically refers to the *State Street Trust* case, expressly alludes to the possibility that some trusts will not reveal a proper objective ascertainable and enforceable external standard for the exercise of fiduciary powers. The Court observed:

"A fair reading of the whole of *most* trust instruments will reveal a 'judicially enforceable, external and as-

certainable standard' for the exercise of even broadly expressed fiduciary powers." (Emphasis added.) 348 Mass. 345, 351, n. 8, 203 N.E.2d 547, 552.

This language clearly admits of the possibility of trust instruments being drawn lacking such standards for any purpose, and, of course, neither of these opinions purports to decide whether the language in the instant case affords a sufficiently ascertainable external standard for the narrow purposes of Sections 2036 and 2038.

Consequently, the Cunningham trusts are taxable on the basis of the reasoning in the opinion of the Court of Appeals in *State Street*, which construed Section 811(c) of the 1939 Internal Revenue Code the predecessor of Section 2036 of the 1954 Internal Revenue Code.

■ As a corollary to the foregoing, I rule that the trusts are also taxable under 26 U.S.C.A. § 2038(a) (1) because concededly the decedent made a transfer of assets to these three trusts without consideration, leaving only the question of whether or not at the time of his death he could exercise a power in conjunction with another person to alter, amend, revoke or terminate. I rule that the combined powers in the decedent to accumulate income, to increase payments, and to stop payments, is a power to change the enjoyment of the property through the exercise of a power to alter, amend, revoke or terminate, within the meaning of 26 U.S.C.A. § 2038(a) (1).

■ Plaintiff's motion under Estate Tax Regulation 20.2053–3(c) (2), 26 C.F.R. 20.2053–3 for a ruling that it is entitled to deduct the expenses for attorney's fees incurred in contesting the inclusion in decedent's gross estate of his contributions to the trusts and in seeking herein a refund of the taxes and interest paid with reference thereto is allowed. Said expenses are to be deducted in computing the amount of Estate Tax properly due from plaintiff. A hearing will be held subsequent either

to the expiration of the time for taking an appeal from the judgment entered herein or subsequent to the completion of the appellate process.

Judgment accordingly.